UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICHOLAS BRUNERO,

                      Plaintiff,

        – against –

NOVAK VUKASINOVIC,

                      Defendant.

**OPINION & ORDER**

23-CV-6341 (ER)

RAMOS, D.J.:

Nicholas Brunero brings this action against Novak Vukasinovic, who is representing himself, alleging breach of a promissory note. Before the Court is Brunero's motion to compel Vukasinovic to comply with certain document requests, interrogatories, and court orders. Doc. 17. Brunero also requests that the Court award attorney fees and costs associated with the motion to compel pursuant to Fed. R. Civ. P. 37(a)(5). For the reasons set forth below, Brunero's motion to compel is GRANTED, and Brunero's request for attorney fees and costs is DENIED.

**I. BACKGROUND**

    **A. Statement of Facts**

On November 6, 2019, Brunero loaned Vukasinovic $100,000, which was used to invest in a real estate project regarding real property located at 530 West 136th Street, New York, New York 10031 ("Real Estate Project"). *See* First Amended Complaint ¶¶ 6, 13, ECF No. 14 ("FAC"). The same day, Vukasinovic executed a promissory note (the "Note") promising to repay Brunero the principal of $100,000, along with interest accruing at a rate of 10% per annum. ¶ 6, 20. The Note provided that upon its maturity, all unpaid principal and interest amounts would be due.[1] ¶ 6.

---

[1] "Maturity date" is defined in the Note as "the earlier of (a) a Sale of Residence (as defined below), (b) a Sale of 530 West 136th … and (c) the date on which all amounts under this Note shall become due and payable pursuant to **Section 10**." (emphasis in original). ¶ 17. The term "Sale of Residence" is defined as

Brunero alleges that the Note matured on December 15, 2021, when Vukasinovic refinanced his former residence and current real property investment located at 15 West 131st Street, New York, New York 10037 (the "Premises")[2] and Vukasinovic "failed to make payment … [or] inform Brunero about the refinancing … and tried to conceal the fact that the refinancing had ever occurred."[3] ¶ 6, 7, 31. When Brunero learned about the refinancing, he and Vukasinovic entered into negotiations in an attempt to restructure the loans as provided for in the Note. ¶ 7. However, the negotiations failed. ¶ 44.

On July 11, 2023, Brunero sent a demand letter to Vukasinovic for payment of the outstanding debt owed under the Note but received no response. ¶ 46. As of the date of the complaint, Vukasinovic owed $156,895.14 pursuant to the Note, along with accrued interest. ¶ 45.

### B. Procedural Background

Brunero filed a Complaint on July 21, 2023, and Vukasinovic responded on August 21, 2023, *see* Docs. 1, 7.

On October 17, 2023, Brunero served Vukasinovic with his first set of interrogatories and requests for production of documents, Docs. 19-1; 19-2. Vukasinovic responded on November 14, 2023, Doc. 13.

On November 17, 2023, Brunero filed a First Amended Complaint, to which Vukasinovic has not responded. Doc. 14.

---

either (i) Vukasinovic's sale of the Premises to any person or entity, or (ii) Vukasinovic's refinancing of any debt on the Premises. ¶ 18.

[2] Specifically, Brunero alleges that on December 15, 2021, Vukasinovic and his wife, Helen Vukasinovic, executed refinancing, consolidation, and mortgage agreements on the Premises in favor of LoanDepot.com, LLC. ¶ 32. Brunero suggests that "according to [those agreements], Vukasinovic and LoanDepot agreed to consolidate and modify the mortgages on the Premises to form a single lien and note" in favor of LoanDepot. ¶ 33. This action increased the amount of debt on the Premises by over $500,000," which Brunero asserts Vukasinovic then used, as equity, to buy real property in Florida. ¶ 33, 35.

[3] Brunero asserts that he made numerous inquiries into the status of the loan and whether there had been a refinancing of the Premises. ¶ 40. Brunero claims that Vukasinovic repeatedly denied refinancing, including a September 20, 2022, email where Vukasinovic states that "[he] didn't refinance." ¶ 41.

On December 15, 2023, Brunero sent Vukasinovic a deficiency letter, citing the various deficiencies with respect to his November 14, 2023, discovery responses, Doc. 19-4, and on January 9, 2024, Vukasinovic responded.[4]  Doc. 19-5.

At a case management conference on January 11, 2024, the Court reminded Vukasinovic that he had to comply with his discovery obligations and produce all relevant, responsive documents requested.  On February 1, 2024, Vukasinovic produced supplemental responses to the document requests and interrogatories.  Doc. 19-6.  On February 22, 2024, Brunero sent Vukasinovic a second deficiency letter, to which Vukasinovic has not responded.  Doc. 19-7.  According to Brunero, Vukasinovic's responses failed "to produce any additional documents, despite the Court's clear instruction for him to do so."  Doc. 18 at 3.

On March 1, 2024, the Court held a second case management conference where it again instructed Vukasinovic to comply with his discovery obligations and granted Brunero leave to file a motion to compel.  Brunero filed the instant motion on March 15, 2024.  Doc. 17.  On April 2, 2024, Vukasinovic responded,[5] and on April 5, 2024, Brunero replied.  Docs. 21, 22.

## II.    LEGAL STANDARD

### A.  *Pro Se* Litigants

The Court holds submissions by *pro se* litigants to "less stringent standards than formal pleadings drafted by lawyers."  *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)); *see also Young v. New York City Department of Education*, No. 09-cv-6621 (SAS), 2010 WL 2776835, at *5 (S.D.N.Y. July 13, 2010) (noting that

---

[4] According to Brunero, Vukasinovic's January 9, 2024, response provided no additional discovery, but instead, was Vukasinovic "continuing to argue [the merits of] his case."  Docs. 18 at 3, 19-4, 19-5.

[5] According to Brunero, along with Vukasinovic's April 2, 2024, response to the motion to compel—filed three days after the deadline—Vukasinovic made a production of thousands of documents, which included "some of the responsive documents at issue."  Doc. 22 at 2.

3

the same principles apply to briefs and opposition papers filed by *pro se* litigants). Although "*pro se* status 'does not exempt a party from compliance with relevant rules of procedural and substantive law,'" *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)), courts read the pleadings and opposition papers submitted by pro se litigants "liberally and interpret them 'to raise the strongest arguments that they suggest,'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). The obligation to read a *pro se* litigant's pleadings leniently "applies with particular force when the plaintiff's civil rights are at issue." *Jackson v. New York State Department of Labor,* 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).

### B. Rule 26(b)(1)

"Courts have wide discretion to manage discovery." *Smith v. Haag*, 2009 WL 3073976, *3 (W.D.N.Y. 2009). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case … Information within the scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. ("Rule") 26(b)(1). "Relevance is... to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." *Mortgage Resolution Servicing, LLC v. JPMorgan Chase Bank*, N.A., No. 15-cv-293 (LTS) (JCF), 2016 WL 3906712, at *3 (S.D.N.Y. July 14, 2016) (citations omitted).

Whereas the burden of demonstrating relevance is on the party seeking discovery, if a party objects to discovery requests, that party bears the burden of showing why discovery should be denied. *See Go New York Tours, Inc. v. Aurora Tourism Services*, LLC, No. 22-cv-10633 (DEH) (JW), 2023 WL 9111158, at *1 (S.D.N.Y. Dec. 20, 2023) (citations omitted); *Financial Guaranty Insurance Company v. Putnam Advisory Company*, LLC, 314 F.R.D. 85, 87 (S.D.N.Y. 2016). "General and conclusory objections

4

as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." *Go New York Tours, Inc.,* 2023 WL 9111158 at *1 (S.D.N.Y. Dec. 20, 2023) (quotations omitted).  Rather, the resisting party has the burden of showing "how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive."  *Putnam*, 314 F.R.D. at 88 (quoting *Sokol v. Wyeth, Inc.,* No. 7-cv-8442 (SHS) (KNF), 2008 WL 3166662, at *3 (S.D.N.Y. Aug. 4, 2008)).

"[I]t is established law that *pro se* litigants, like those represented by attorneys, are equally obliged to comply with discovery requirements under the Federal Rules of Civil Procedure."  *Swinton v. Livingston County*, 2016 WL 6248675, *2 (W.D.N.Y. 2016); *In re Robinson*, 2019 WL 2342324, *4 (Bankr. S.D.N.Y. 2019) (the plaintiff's "status as a *pro se* litigant does not excuse her from meeting her discovery obligations").

### C.  Rule 37(a)

Rule 37(a) requires that, when a motion to compel is granted or discovery is provided after such a motion is filed, the court order the party "whose conduct necessitated the motion," its attorney, or both "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the moving party failed to make a good faith effort to obtain the discovery without court intervention, the conduct was substantially justified, or the award would be unjust. Fed.R.Civ.P. 37(a)(5)(A); *see Alexander Interactive, Inc. v. Adorama*, Inc., No. 12 Civ. 6608, 2014 WL 61472, at *7 (S.D.N.Y. Jan. 6, 2014).  Because an award of expenses under Rule 37(a)(5)(A) is mandatory, unless an exception applies, a movant is not required to present substantive arguments in her opening brief to show why she is entitled to recover expenses incurred in connection with her motion to compel.  *See Wager v. G4S Secure Integration, LLC*, No. 19-cv-03547 (MKV), 2021 WL 293076, at *4 (S.D.N.Y. Jan. 28, 2021).  Rather, once a motion to compel is granted, the losing party bears the burden to show that an exception applies to avoid Rule 37(a)(5)(A)'s fee-shifting mandate.  *See Busrel Inc. v. Dotton,* No.

5

20-cv-01767, 2022 WL 17075707, at *1 (W.D.N.Y. Nov. 18, 2022)  (citing *Wager v. G4S Secure Integration*, LLC, 2021 WL 293076, at *4 (S.D.N.Y. Jan. 28, 2021).

### III.   DISCUSSION

#### A.  Discovery Requests

Brunero's October 17, 2023, discovery requests asked Vukasinovic to produce documents responsive to 31 requests and to answer 10 interrogatories.  Docs. 19-1; 19-2.  Brunero asserts that Vukasinovic's discovery responses are "woefully incomplete."  Doc. 18 at 5.  Vukasinovic asserts that he has "provided all the responses backed up with documents and evidence" that were requested by Brunero or directed by the Court, Doc. 21 at 2, and that what he provided "is all [he is] in possession of and control[s] at this time as it relates to this matter."[6]  *Id.* at 3.

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if "a party fails to produce documents ... as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B).  As amended in December 2015, Fed. R. Civ. P. 34(b)(2)(B) provides that the response to a request for production "must either state that inspection and related activities will be permitted [or that the copies of documents or electronically stored information will instead be produced] as requested or state with specificity the grounds for objecting to the request, including the reasons."

Generally, "a party's good faith averment that the items sought simply do not exist, or are not in his possession, custody, or control, should resolve the issue of failure of production since one 'cannot be required to produce the impossible.'"  *Menard v. Chrysler Grup LLC,* No. 14-cv-325 (VB), 2015 WL 5472724, at *1 (S.D.N.Y. July 2,

---

[6] Vukasinovic spends that majority of his opposition to the motion arguing against the merits of Brunero's claims.  Additionally, in his opposition, Vukasinovic requests that the Court grant him the following:  (1) "[t]hat the Lawsuit is dismissed without prejudice," (2) "[t]hat the $100,000 preferred equity investment [Brunero] made under [Vukasinovic's] name on or around November 6, 2019 be transferred back to [Brunero] along with all the accrued interest," and (3) "[t]hat [Brunero] initiate and completes a process whereby the Real Estate … Project and the Property pay full moneys owed to [Vukasinovic] for the property management and general contracting services [Vukasinovic] rendered in the amount of $335,457.56."  Doc. 21 at 8.  However, these claims and requests for relief are not properly raised in a motion to compel discovery, and the Court will not address them here.

6

2015) (quoting *Zervos v. S. S. Sam Houston*, 79 F.R.D. 593, 595 (S.D.N.Y. 1978)). Further, "[i]n the face of a denial by a party that it has possession, custody or control of documents, the discovering party must make an adequate showing to overcome this assertion." *Mason Tenders District Council of Greater New York v. Phase Construction Services, Inc.*, 318 F.R.D. 28, 42 (S.D.N.Y. 2016) (internal citations and quotations omitted). In other words, a plaintiff must cite to specific evidence to challenge a defendant's assertions that no additional responsive documents exist. *Id.*; *see, e.g., Margel v. E.G.L. Gem Lab Limited*, No. 4-cv-1514 (PAC), 2008 WL 2224288, at *3 (S.D.N.Y. May 29, 2008) (internal citations and quotations omitted).

1. *Document Requests*

Brunero points to two emails that he asserts show that Vukasinovic is in possession or control of relevant documents that have been requested but not produced:

- "A September 20, 2022 email from [Vukasinovic] to [Brunero], where Vukasinovic tried to conceal the refinancing that triggered the maturity date of the Promissory Note and falsely stated 'I didn't refinance.'
- A February 15, 2023 email from [Vukasinovic] to [Brunero] where [Vukasinovic] discusses the second mortgage he offered [Brunero] after he defaulted on the Promissory Note, and was otherwise providing detailed comments and markups of amended loan documents he was trying to negotiate with [Brunero] after he defaulted on the Promissory Note."

Doc. 22 at 2. Brunero asserts that although these are two examples of documents that he believes are in Vukasinovic's possession or control, there is no way of knowing all other responsive documents that Vukasinovic might be withholding."[7] Doc. 18 at 6.

---

[7] In his opening memorandum in support of the instant motion, Brunero highlighted four documents, including the two provided above, that he claimed made "clear that [Vukasinovic] … failed to produce" responsive documents in his possession or control. Doc. 18 at 6. Along with his response to the instant motion, Vukasinovic produced certain responsive documents, including documents pertaining to two documents that Brunero had previously identified as being in Vukasinovic's possession and control:

- "A January 18, 2023 email [Vukasinovic] sent to [Brunero] in which [Vukasinovic] admits that he is 'in default of the Promissory Note'" and
- "An October 22, 2019 email from [Brunero] to [Vukasinovic] which attaches a draft of the Promissory Note. [Vukasinovic] states in his Response that "the first time the concept of a

Both of these documents are emails between Brunero and Vukasinovic, which relate to Document Request 1.[8] Brunero has clearly shown that there are documents that may be in Vukasinovic's possession or control that Brunero has requested but have not been produced. Therefore, Brunero has made an adequate showing to overcome Vukasinovic's assertion that he has produced all documents that were requested and are in his possession or control. *See Mason Tenders Dist. Council of Greater New York v. Phase Constr. Services, Inc.*, 318 F.R.D. 28, 42 (S.D.N.Y. 2016) (internal citations and quotations omitted).

Accordingly, Vukasinovic is directed to produce any and all documents in his possession, custody, or control relating to Brunero's document requests, including "[a]ll documents that refer or relate to any communications between [Brunero] and [Vukasinovic]." Doc. 19-2 at 8.

Additionally, Brunero asserts that Vukasinovic has objected to producing documents responsive to requests 2, 7, 9, and 28.[9] Doc. 18 at 6. In Vukasinovic's responses, he objects, stating that the requested information is "my private information" and that he is therefore "not willing to share this information" with Brunero. Doc. 19-6 at 7, 8, 14.[10]

---

promissory note was submitted to Novak was on November 5, 2019…" the day before [Vukasinovic] signed the Promissory Note."

Doc. 18 at 6; 22 at 2. However, Brunero asserts that even with the recent production, the existence of the September 20, 2022, and February 15, 2023, emails above, supports a finding that there remain outstanding responsive documents in Vukasinovic's possession or control. Doc. 22 at 2.

[8] Document request 1 requires the production of "[a]ll documents that refer or relate to any communications between [Brunero] and [Vukasinovic]." Doc. 19-2 at 8.

[9] Document requests 2, 7, 9, and 28 require the production of all documents that refer or relate to any: communications between Vukasinovic and LoanDepot; communications between Vukasinovic and any third party with respect to the Refinancing Documents; debt on the Premises, including, without limitation, the Refinancing Documents; agreements between Vukasinovic and the LoanDepot, respectively. Doc. 19-2 at 8–11.

[10] Vukasinovic does not directly address this issue in his opposition but the Court, construing *pro se* litigants' pleadings less stringently, will consider his annexed responses to the discovery requests in addition to his opposition to the motion to compel. *Rowe*, 449 U.S. 5 at 163 (citations omitted).

Document requests 2, 7, 9, and 28 each relate to the refinancing of the Premises, which triggered the maturity date of the Note. Thus, Brunero has met his burden of showing how these documents are relevant. Vukasinovic's objection that the requested information is "[his] private information" is not a proper basis for objecting to document requests pursuant to Rule 26(b). Even if the Court construed Vukasinovic's objection as asserting a privilege, there isn't one that protects information solely based on it being "private." Additionally, Vukasinovic has not put forth any evidence showing how the production of these documents would otherwise be objectionable. Accordingly, to the extent not already produced, Vukasinovic is directed to produce any relevant documents in his possession or control related to document requests 2, 7, 9, and 28.[11]

*2. Interrogatories*

Brunero argues that Vukasinovic's responses to the interrogatories are deficient in three ways: (1) Vukasinovic has failed to answer the interrogatories under oath; (2) for interrogatories 2 through 6, Vukasinovic responded by making a general reference to the documents he previously produced; and (3) for interrogatory 7, Vukasinovic provided names of individuals with alleged knowledge of the subject matter of the dispute, but did not give a description of what these individuals allegedly know. Docs. 18 at 7; 22 at 3.[12] Vukasinovic's only response to this allegation is that he has "provided all the responses

---

[11] The parties are, of course, free to negotiate a protective order to restrict the dissemination of discovery materials deemed to be sensitive or confidential.

[12] Interrogatories 2 through 7 request information concerning the following: (2) Describe all services allegedly performed by Vukasinovic with respect to the Real Estate Project and state the date each such service was allegedly performed, as alleged in Paragraphs 11-12, 15-16 and 18 of the Response; (3) state the date any invoices were prepared for the services you allege you performed in Paragraphs 11-12, 15-16 and 18 of the Response; (4) set forth the basis for Vukasinovic's allegation that "[t]he value of the services [Vukasinovic] provided at the Property is $240,032.60, not including interest for non-payment of services rendered since February of 2020", as alleged in Paragraph 18 of the Response; (5) identify any communications with Brunero or anyone else pursuant to which you were "verbally assured" that you would be paid for your work or services on the Real Estate Project, as alleged in Paragraph 25 of the Response; (6) identify any oral or written agreements between you and Brunero or anyone else which you contend entitle you to be compensated for the services you allege you performed in Paragraphs 11-12, 15-16 and 18 of the Response; and (7) identify all individuals with knowledge of the subject matter of this dispute and state what information you believe each such individual possesses. Doc. 19-1 at 7–9.

backed up with documents and evidence" that he has been requested or directed to provide.  Doc. 21 at 2.

Each of Brunero's arguments are supported by Federal Rule of Civil Procedure, 33.  Regarding both Brunero's first and third arguments, Rule 33(b)(3) provides that "each interrogatory must, to the extent it is not objected to, be answered *separately* and *fully* in writing *under oath*."  Fed. R. Civ. P. 33(b)(3) (emphasis added).  Thus, in addition to the requirement that all responses be made under oath, Vukasinovic must separately and fully respond to each interrogatory, including, as regards Interrogatory 7, providing descriptions of "what information you believe each … individual possesses."  Docs. 19-1 at 9; 19-6 at 4, 5.  Regarding Brunero's second argument, Rule 33(d) provides, in relevant part, that a party may answer an interrogatory, under certain circumstances,[13] by producing business records "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could[.]"  Fed. R. Civ. P. 33(d).  Is it not enough that Vukasinovic respond generally that the answer to the interrogatories can be discerned be reviewing the documents that he previously produced.  Accordingly, Vukasinovic is directed to respond to interrogatories 2 through 6 directly, or by providing specific reference to the records to be reviewed with sufficient detail to enable Brunero to locate and identify them.  *Id.*

### B. Attorney's Fees and Costs

Brunero further requests that the Court award him attorney fees and costs for his motion to compel, pursuant to FRCP 37(a)(5).  Docs. 18 at 7; 22 at 3.

"Under Rule 37(a), when a party moves to compel disclosure or discovery and the court finds that the opposing party's position in opposing the motion was not 'substantially justified,' the judge must impose costs on the opposing party or on his

---

[13] "If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party," the responding party may respond to the interrogatory by producing business records.  Fed. R. Civ. P. 33(d)

10

attorney.  *See* Rule 37(a), F.R. Civ. P. Advisory Committee Notes to 1970 Amendment (costs award is mandatory unless court finds that non-moving party acted justifiably)." Bowne of New York City, 161 F.R.D. at 262.  *See also* 7-37 Moore's Federal Practice-Civil § 37.23 (2004)("A rebuttable presumption exists in favor of imposing expense shifting sanctions on the party against whom a motion to compel disclosures or discovery is resolved.").  The burden is "on the disobedient party to avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust," and "the provision requires the award of expenses unless the disobedient party meets that burden."  *Novak v. Wolpoff & Abramson LLP,* 536 F.3d 175, 178 (2d Cir. 2008).  In pertinent part, Rule 37(a)(5)(A) provides:

> "(A)  If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, *after giving an opportunity to be heard*, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:
>
>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>>
>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>>
>> (iii) other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

Vukasinovic did not respond to Plaintiff's argument for attorney's fees and costs pursuant to Rule 37(a)(5).  Generally, a party's failure to respond to an argument effectively concedes that argument.  *See Scott v. JPMorgan Chase & Company*, No. 13-cv-646, 2014 WL 338753, at *10 (S.D.N.Y. Jan. 30, 2014) (collecting cases to conclude that when a party's "[m]emorandum of [l]aw does not respond to [an] argument, [the party] effectively concedes these arguments by [its] failure to respond to them" (citation omitted)), aff'd, 603 F. App'x 33 (2d Cir. 2015).  However, the Court is mindful that "the submissions of a *pro se* litigant must be construed liberally[.]"  *Shim-Larkin v. City of*

11

*New York*, No. 16-CV-6099 (AJN), 2017 WL 4862790, at *2 (S.D.N.Y. Oct. 25, 2017) (quoting *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)(internal quotation marks and citations omitted). "Liberal construction of *pro se* submissions stems from 'an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Id.* (citations omitted). As such, the Court does not interpret Vukasinovic's failure to respond to be a concession of Brunero's argument. Therefore, because Vukasinovic has not been heard regarding the issue of attorney's fees and costs, as required under Rule 37(a)(5), he is directed to submit a statement explaining why he should not be made to pay Brunero's attorney's fees and costs. The statement will be limited to 10 pages and must be submitted under oath (notarized), and filed by October 14, 2024.

Accordingly, the request for attorney fees and costs for the motion to compel is DENIED without prejudice.

## IV.    CONCLUSION

For the reasons set forth above, Brunero's motion to compel is GRANTED, and Brunero's request for attorney fees and costs for the motion to compel is DENIED without prejudice. The Clerk of Court is respectfully directed to terminate the motion, Doc. 17.

It is SO ORDERED.

Dated:   September 30, 2024
         New York, New York

                                                    _____
                                                    EDGARDO RAMOS, U.S.D.J.